UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fawn Wilson,

Plaintiff,

v.

Brinker International, Incorporated, a Delaware Corporation, and Chili's of Minnesota, Incorporated, a Minnesota Corporation, both doing business under the assumed name, Romano's Macaroni Grill and Brinker International Payroll Corporation,

Defendants.

Case Number: 00-2319 DSD/JMM

---

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

The parties, through their respective counsel of record, hereby stipulate and request that the Court order as follows:

1. The parties involved in this litigation may designate as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" any document, testimony, information or material that comes within the definition of "Confidential Information" set forth herein that is disclosed through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth in Paragraphs 2, 4 and 5. For the purpose of this Confidentiality Agreement and Protective Order, the designations "CONFIDENTIAL" and "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall have the same meaning. Such designations shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement and Protective Order.

FILED AUG 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

2. Any writing produced by any party or person in this litigation that comes within the definition of "Confidential Information" set forth herein may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by any party stamping or writing the words "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the writing.

3. For purposes of this agreement, "Confidential Information" means any of the following information which is not readily ascertainable in a public forum: information of a special and unique nature and value, including, but not limited to, such matters as the defendants' personnel and compensation information; employee medical information; accounts; trade secrets as defined by Minn. Stat. § 325C.01, subd. 5; procedures; manuals; non-public financial cost and sales data; supply sources and resources; price lists, accounting and bookkeeping practices; office policies and practices; non-public financial information; marketing plans; business plans; prospect names and lists; existing and potential business opportunities; confidential reports; customer lists and contracts; customers' needs for defendants' products and services; litigation and other legal matters, as well as information specific to the defendants' products, such as source code, coding standards, programming techniques, processes and systems; computer programs, algorithms, techniques, processes, designs, specifications, diagrams, flow charts, ideas, systems and methods of operation of such programs; and research and development work.

4. Any party may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by advising the reporter and counsel of such designation during the course of the deposition within 30 days of receipt of the transcript. Portions of any deposition designated "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" are to be

filed with the Clerk of Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to the Protective Order of the Court. These portions shall remain sealed until further order of the Court." Whenever any writing designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" is identified as an exhibit in connection with testimony given in this litigation, it shall be so marked and separately filed under seal with the Clerk of Court.

5. Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" specific responses to interrogatories or to any specific request for admissions that contain confidential information by labeling the specific response "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

6. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Clerk of the Court. The party asserting "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" treatment of any writing, testimony, information or material can waive the requirements of this Confidentiality Agreement and Protective Order with respect to such writing, testimony, information or material. The party seeking to file such writing, testimony, information or material but avoid the requirement of filing under seal may seek waiver of the filing under seal requirement. The party asserting "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" treatment shall have the right to enforce the filing under seal requirement, but may also waive the filing under seal requirement with respect to any specific

writing, testimony, information or material and any waiver will not be deemed a general waiver of the requirements of this Confidentiality Agreement and Protective Order.

7. Except upon prior written consent of the party asserting "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" treatment or upon further order of this Court, documents, testimony, information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties (including house counsel and co-counsel) and employees of said counsel who are assisting in the prosecution or defense of this litigation;

(b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Parties or officers or employees of the respective parties; and

(d) Potential witnesses.

8. No party shall, for herself or itself or for any person or persons acting on his, her or its behalf, make more copies of any "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" information or material than are reasonably necessary to conduct this litigation.

9. Except as otherwise provided for in this Protective Order, all "CONFIDENTIAL" and "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

10. If any party objects to the designation of any document, testimony, information or material as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER," he, she or it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" treatment initially assigned to it and provided for in this Protective Order.

11. Should any party hereto seek to utilize any "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" document, testimony, information or material at trial, he, she or it shall meet with counsel for the other parties hereto in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

12. Upon termination of this litigation, all copies of "CONFIDENTIAL" and "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" documents, information or material (and all summaries thereof), other than confidential deposition transcripts, shall be returned to counsel for the producing party. All copies of deposition transcripts designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" shall be returned to counsel for the producing party within seven years after the termination of the litigation. The parties further agree that while being held for up to seven years, the confidential deposition transcript(s) shall be maintained in a secure location and within a sealed file conspicuously marked as follows: "This sealed file contains CONFIDENTIAL INFORMATION

which is subject to a Protective Order and may be reviewed only by persons expressly authorized by the Protective Order."

13. This Protective Order may be modified or amended by agreement of the parties or by further Order of the Court for good cause shown.

Date: August 24, 2001

By: Celeste E. Culberth
Celeste E. Culberth (#228187)
Leslie L. Lienemann (#230194)
210 North River Ridge Circle
Burnsville, Minnesota 55337
Telephone: (952) 346-0619

**ATTORNEYS FOR PLAINTIFF**

Date: August 24, 2001

By: ______________________
Kathleen M. Mahoney (#66588)
David Jordan-Huffman (#271676)
Scott S. Payzant (#225907)
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000

**ATTORNEYS FOR DEFENDANTS**

**IT IS SO ORDERED:**

Date: 8/30/01

BY THE COURT:

By: ______________________
The Honorable John M. Mason
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500