UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2319(DSD/SRN)

Fawn Wilson,

Plaintiff,

v. **ORDER**

Brinker International, Inc., a Delaware corporation, and Chili's of Minnesota, Inc., a Minnesota corporation, both doing business under the assumed name Romano's Macaroni Grill and Brinker International Payroll Corporation,

Defendants.

Leslie L. Lienemann, Esq. and Lienemann Law Office and Celeste E. Culberth, Esq. and Culberth Law Office, 210 River Ridge Circle North, Burnsville, MN 55337, counsel for plaintiff.

Scott S. Payzant, Esq., David Jordan-Huffman, Esq. and Oppenheimer, Wolff & Donnelly, 3400 Plaza VII Building, 45 South 7th Street, Minneapolis, MN 55402 and Kathleen M. Mahoney, Esq., 2800 Minnesota World Trade Center, 30 7th Street East, St. Paul, MN 55101, counsel for defendants.

This matter is before the court on defendants' motion for summary judgment [Doc. No. 17]. In her complaint, plaintiff Fawn Wilson brings claims of sex discrimination arising out of a hostile work environment, failure to promote, and claims of retaliation and reprisal. After a period of discovery, defendants have moved for summary judgment contending that plaintiff has failed to create a

FILED 8-12-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

genuine issue of fact with respect to the following essential issues: (1) whether plaintiff's claims against defendants Brinker International, Inc. and Chili's of Minnesota arise out of an employer-employee relationship; (2) whether the applicable statutes of limitation period bars plaintiff's hostile work environment claim; and (3) whether she can establish the essential elements of a hostile work environment claim, a failure to promote claim, and a retaliation claim.

After carefully reviewing the record, the court concludes that there is substantial evidence to support plaintiff's claims and on other critical fact issues. Viewing the evidence in the light most favorable to the nonmoving party, as is required under Fed. R. Civ. P. 56, the court concludes that genuine issues of material fact exist as to plaintiff's claims against defendants. Summary judgment is therefore inappropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Moreover, the court believes that at this preliminary stage, plaintiff has adequately demonstrated that the named defendants were joint employers for purposes of this action. See Baker v. Stuart Broad Co., 560 F.2d 389, 392 (8th Cir. 1977); Johns v. Harborage I, Ltd., 585 N.W.2d 853, 858 (Minn. Ct. App. 1998). At a minimum, plaintiff sets forth sufficient evidence to raise an issue of material fact as to whether these companies have chosen to handle certain aspects of their employer-employee relationships

jointly. The court thus concludes that defendants are not entitled to summary judgment on that issue. See Massey v. Emergency Assistance, Inc.. 724 F.2d 690, 691 (8th Cir. 1984); Artis v. Francis Howel North Band Booster Assn., Inc., 161 F.3d 1178, 1184 (8th Cir. 1998).

Plaintiff has also raised an issue of material fact relating to the statute of limitations argument, and the court determines that defendants are not entitled summary judgment on that basis. Lastly, after reviewing the record and construing it in a light favorable to the nonmoving party, as is required by Fed. R. Civ. P. 56, the court concludes that significant questions of material fact exist regarding the essential elements of the hostile work environment claim, the failure to promote claim, and the claims of retaliation and reprisal. Summary judgment is therefore inappropriate. See Celotex Corp., 477 U.S. at 322-23.

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. No. 17] is denied.

Dated: August 12, 2002

David S. Doty, Judge
United States District Court