UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2319(DSD/SRN)

Fawn Wilson,

Plaintiff,

v.

**ORDER**

Brinker International, Inc., a Delaware corporation, and Chili's of Minnesota, Inc., a Minnesota corporation, both doing business under the assumed name Romano's Macaroni Grill and Brinker International Payroll Corporation,

Defendants.

Leslie L. Lienemann, Esq. and Lienemann Law Office and Celeste E. Culberth, Esq. and Culberth Law Office, 210 River Ridge Circle North, Burnsville, MN 55337, counsel for plaintiff.

Scott S. Payzant, Esq., David Jordan-Huffman, Esq. and Oppenheimer, Wolff & Donnelly, 3400 Plaza VII Building, 45 South 7th Street, Minneapolis, MN 55402 and Kathleen M. Mahoney, Esq., 2800 Minnesota World Trade Center, 30 7th Street East, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motion of defendants Brinker International, Incorporated and Chili's of Minnesota, Incorporated for judgment as a matter of law under Fed. R. Civ. P. 50 or alternative motion for entry of judgment under Fed. R. Civ. P. 58 and upon the motion of plaintiff Fawn Wilson ("Wilson") for judgment as a matter of law on defendants' statute of limitation

FILED 3-10-03
Richard D. Sletten, CLERK
Judgment Ent'd. 3-10-03
Deputy Clerk's Initials ______

defense, or alternative motion for a new trial. Based upon a review of the file, record and proceeding herein, and for the reasons stated, the court denies defendants' motion for judgment as a matter of law, grants defendants' motion for entry of judgment, denies plaintiff's motion for judgment as a matter of law and denies plaintiff's motion for a new trial.

**BACKGROUND**

Plaintiff Fawn Wilson was employed by defendants Brinker International, Inc. and Chili's of Minnesota, Inc. She sued them for discrimination based upon gender, sexual harassment, reprisal and retaliation in violation of state and federal law. Plaintiff claimed that defendants discriminated based on gender by creating a hostile work environment. Plaintiff also claimed that defendants discriminated against her in the terms and conditions of her employment when defendants demoted her and failed to promote her to executive chef. Further, plaintiff claimed that defendants engaged in a course of retaliation and reprisal against plaintiff because of plaintiff's opposition to defendants' sexual harassment and sex discrimination. Plaintiff sought damages from defendants.

The case was tried to a jury. During trial and before the court submitted the case to the jury, both parties moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. The court took the motions under advisement and submitted the case to

the jury. The court received the jury verdict on November 12, 2002. The jury answered the verdict form as follows:

We, the jury in the above entitled action, return the following answers to the questions presented to us by the court:

1. Did Brinker International, Inc. act as a joint employer of Fawn Wilson?

Yes ____X____ No ________

2. Did Chili's of Minnesota, Inc., act as a joint employer of Fawn Wilson?

Yes ____X____ No ________

**FEDERAL SEXUAL HARASSMENT CLAIM**

3. Do you find by a preponderance of the evidence that plaintiff has proven that Fawn Wilson was sexually harassed in violation of Title VII?

Yes ____X____ No ________

4. Did any act of harassment occur after October 2, 1998?

Yes ________ No ____X____

**STATE SEXUAL HARASSMENT CLAIM**

5. Do you find by a preponderance of the evidence that plaintiff has proven that Fawn Wilson was sexually harassed in violation of the Minnesota Human Rights Act?

Yes ____X____ No ________

6. Did any act of harassment occur after July 28, 1998?

Yes ___________ No ___X___

**SEX DISCRIMINATION**

7. Do you find by a preponderance of the evidence that plaintiff has proven that Fawn Wilson was subject to discrimination on the basis of her sex?

Yes ________ No ___X____

**Note**: You must answer the Questions 7(a) and 7(b) only if you answered "Yes" to Question 7. If you answered "No" to Question 7, then go to Question 8.

7(a) If you found in favor of Fawn Wilson with respect to defendant-employer's decision to discriminate against her by demoting her, has the defendant-employer proved by the preponderance of evidence that it would have demote Fawn Wilson regardless of her sex?

Yes ________ No _________

7(b) If you found in favor of plaintiff Fawn Wilson with respect to defendant-employer's decision to discriminate against her by not promoting her to Executive Chef, has the defendant-employer proved by the preponderance of evidence that it would have denied Fawn Wilson the promotion regardless of her sex?

Yes ________ No _________

**FEDERAL CLAIM OF REPRISAL**

8. Do you find by the preponderance of the evidence that plaintiff has proven that Fawn Wilson was subject to reprisal in violation of Title VII?

Yes ________ No ____X___

**STATE CLAIM OF REPRISAL**

9. Do you find by the preponderance of the evidence that plaintiff has proven that Fawn Wilson was subject to reprisal in violation of the Minnesota Human Rights Act?

Yes ________ No ____X___

**NOTE:** If you answered "Yes" in response of any one of Questions 3, 5, 7, 8, or 9, then you must complete the damages questions beginning with Question No. 10(a). If you answered "No" to all of Questions 3, 5, 7, 8 and 9, then please stop and have your foreperson sign and date this form as you have finished your deliberations.

**DAMAGES**

10a. What amount of money, if any, would fairly compensate plaintiff for any lost wages and benefits through the date of this verdict (less the amount of earnings plaintiff has earned):

$ _____None________

(state the amount or, if none, write the word "none")

10b. What amount of money, if any, would fairly compensate plaintiff for any other damages relating to emotional anguish, mental and physical suffering:

$ None

(state the amount or, if none, write the word "none")

10c. We assess punitive damages against defendants as follows:

$ $163,400.00

(state the amount or, if none, write the word "none")

Upon receiving the verdict, the court resubmitted the question of damages to the jury. The court provided to the jury an additional instruction that the jury could not award punitive damages without a finding of actual or nominal damages and that nominal damages could be as little as $1.00. The jury reconvened and then returned a second verdict on damages. The second verdict was identical to the first verdict with one exception: in question 10(b), the jury awarded plaintiff $1.00 in emotional distress damages.

The judge published the second verdict. Defendants now move for judgment as a matter of law, or alternatively, for entry of judgment. Plaintiff moves for judgment as a matter of law on defendants' statute of limitation defense or, alternatively, for a new trial. After carefully considering both parties' motions, the court denies defendants' motion for judgment as a matter of law, grants defendants motion for entry of judgment, denies plaintiff's

motion for judgment as a matter of law and denies plaintiff's motion for a new trial.

## DISCUSSION

### I. Legal Standards: Fed. R. Civ. P. 50 and Fed. R. Civ. P. 58

Pursuant to Fed. R. Civ. P. 50, judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue...." Fed. R. Civ. P. 50(a)(1); see Phillips v. Collings, 256 F.3d 843, 847 (8th Cir. 2001). In analyzing a motion for judgment as a matter of law, the court must "draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." Phillips, 256 F.3d at 847. However, the nonmoving party is not entitled to "'the benefit of unreasonable inferences, or those at war with the undisputed facts.'" Heating & Air Specialists, Inc. v. Jones, 180 F.3d 923, 932 (8th Cir. 1999)(quoting Larson v. Miller, 76 F.3d 1446, 1452 (8th Cir. 1996)). Judgment as a matter of law is only appropriate when the record contains "'no proof beyond speculation to support the verdict.'" Phillips, 256 F.3d at 847 (quoting Kinserlow v. CMI Corp., 217 F.3d 1021, 1026 (8th Cir. 2000)).

Fed. R. Civ. P. 50 provides for motions for a new trial.[1] The court in Leichihman v. Pickwick Int'l, Inc., 589 F. Supp. 831, 833-34 (D. Minn. 1984) clearly articulated the standard for granting a new trial:

> A motion for new trial is addressed to the sound discretion of the trial court. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir. 1979). The overriding principle that should guide the court in considering a motion for new trial is the prevention of injustice. *Fireman's Fund Ins. Co. v. Aalco Wrecking Co.*, 466 F.2d 179 (8th Cir. 1972); *Altrichter v. Shell Oil Co.*, 263 F.2d 377 (8th Cir. 1959). If the jury verdict is against the weight of the evidence, or if it is the result of some prejudicial error of law (i.e., an error causing substantial harm to the losing party), then a new trial is justified. See *Midcontinent Broadcasting Co. v. North Central Airlines, Inc.*, 471 F.2d 357, 359 (8th Cir. 1973). The court has broad discretion in considering the weight of the evidence. The trial judge is free to weigh the evidence for himself and if he is left with the definite and firm conviction that the jury has made a mistake, he may set aside the verdict even

---

[1] Specifically, Fed. R. Civ. P. 50(c)(1) provides:

> **(c) Granting Renewed Motion for Judgment as a Matter of Law; Conditional Rulings; New Trial Motion**
>
> **(1)** If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial.

> though there is substantial evidence to support it. The court is not required to view the evidence in the light most favorable to the nonmovant. The court must be motivated by more than the fact that it would have come to a different conclusion had it been the trier of fact. The court must feel that the jury quite clearly reached a seriously erroneous result in spite of the clear weight of the evidence. *See generally*, *Day v. Amax, Inc.*, 701 F.2d 1258 (8th Cir. 1983); *Altrichter v. Shell Oil Co.*, 263 F.2d 377 (8th Cir. 1959); 11 C. Wright & A. Miller, *supra*, §§ 2803, 2805-06.

Fed. R. Civ. P. 58 provides for entry of judgment upon the general verdict of the jury or upon a decision by the court.

**II. Defendants' Motion for Judgment as a Matter of Law or, Alternatively, for Entry of Judgment**

Defendants move for judgment as a matter of law, or, alternatively, for entry of judgment. The court considers each motion in turn.

**A. Defendants' Motion for Judgment as a Matter of Law**

Defendant moves for judgment as a matter of law on plaintiff's claims of disparate treatment based upon sex, retaliation, wage loss, supervisor sexual harassment, joint employer liability and punitive damages. The court denies defendants' motion.

**1. Disparate Treatment, Retaliation and Wage Loss**

The court denies defendants' motion for judgment as a matter of law on plaintiff's disparate treatment, retaliation and wage loss claims as moot because defendants prevailed on those claims at trial. Instead, the court grants defendants' motion for entry of

judgment on plaintiff's claim of disparate treatment, retaliation and wage loss.

**2. Supervisor Sexual Harassment**

The jury found that plaintiff was sexually harassed in violation of state and federal law. The jury's verdict did not distinguish between supervisor and co-worker sexual harassment. Defendants now move for judgment as a matter of law on plaintiff's supervisor sexual harassment claim. The court denies defendants' motion for judgment as a matter of law on plaintiff's supervisor sexual harassment claim because plaintiff provided sufficient evidence for a reasonable jury to conclude that defendants engaged in supervisor sexual harassment.

**3. Joint Liability**

The jury concluded that defendants acted as joint employers. Defendants argue that they are entitled to judgment as a matter of law on the issue of joint employer liability because plaintiff failed to submit sufficient evidence to support a finding of joint employer liability. The court disagrees.

The court must construe Title VII liberally. Baker v. Stuart Broad. Co., 560 F.2d 389, 391 (8th Cir. 1977). "Such liberal construction is also to be given to the definition of 'employer'" under Title VII. Id. To determine whether defendants were joint employers, the following factors must be analyzed: (1) interrelation of operations, (2) common management,

(3) centralized control of labor relations and (4) common ownership or financial control. Id. at 392; see, e.g., Artis v. Francis Howell N. Band Booster Ass'n, 161 F.3d 1178, 1184 (8th Cir. 1998)(applying Baker); Massey v. Emergency Assistance, Inc., 724 F.2d 690, 691 (8th Cir. 1984)(affirming district court's application of Baker); Scheidecker v. Arvig Enters. Inc., 122 F. Supp. 2d 1031, 1037 (D. Minn. 2000).

Drawing all reasonable inferences in favor of the nonmoving party, as the court is required to do, the court concludes that plaintiff presented sufficient evidence for a reasonable jury to find that defendants acted as joint employers, including documentary evidence and the testimony of many witnesses, such as Jay Tobin. Therefore, the court denies defendants' motion for judgment as a matter of law on plaintiff's claim that defendants acted as a joint employer.

**4. The Jury's Punitive Damages Award**

The jury awarded plaintiff $163,400 in punitive damages. Defendants allege that plaintiff failed to submit sufficient evidence to support a finding of punitive damages and therefore move for judgment as a matter of law on plaintiff's punitive damages claim. The court denies that motion.

Title VII and the Minnesota Human Rights Act ("MHRA") allow for punitive damages. Title VII provides:

> A complaining party may recover punitive damages under this section against a

> respondent ... if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1). Minnesota law provides for punitive damages for any conduct that displays "deliberate indifference" to the rights and safety of others. Minn. Stat. §§ 363.071, subd. 2; 549.20.

Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999) governs the court's analysis of punitive damages under Title VII. In Kolstad, the Supreme Court emphasized that the terms "malice" and "reckless indifference" "pertain to the employer's knowledge that it may be acting in violation of federal law... An employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." Id. at 535-36. The Court also concluded, however, that an employer may not be liable for the discriminatory employment decisions of managerial agents where those decisions are contrary to an employer's good faith effort to comply with Title VII. Id. at 545. In this case, plaintiff presented sufficient evidence for a reasonable jury to find that defendants acted with "malice or with reckless indifference" or with "deliberate indifference," including the testimony of Fawn Wilson, Amanda Milos, Kristi Bartosch, Stephanie Meier and A'Lisa Paquet.

Defendants nevertheless argue that they are entitled to judgment as a matter of law because they allege that they acted in good faith, as evidenced by their non-discrimination workplace policy. In Ogden v. Wax Works, Inc., the Eighth Circuit Court of Appeals emphasized that a company's written sexual harassment policy does not provide a per se good faith defense. Ogden v. Wax Works, Inc., 214 F.3d 999, 1010-11 (8th Cir. 2000)(affirming award of punitive damages even though company had an anti-discrimination policy because the court found substantial evidence that the company minimized complaints, performed a cursory investigation of complaints and forced harassed employee to resign while imposing no discipline on harasser); see also Storlie v. Rainbow Foods Group, Inc., No. 00-1817 2002 U.S. Dist. LEXIS 465, at *8 (D. Minn. 2002)(denying judgment as a matter of law on claim for punitive damages where company had a written sexual harassment policy but where the company conducted a cursory investigation of complaints, failed to discipline the harasser in accordance with the policy or otherwise).

As in Ogden, plaintiff presented sufficient evidence that defendants' written sexual harassment policy does not provide a good faith defense, including evidence suggesting that defendants did not distribute an anti-discrimination policy to its employees, did not investigate complaints of sexual harassment and did little if anything to stop sexual harassment when defendants' managers

observed it in the workplace. That and other evidence presented also is sufficient for a reasonable jury to conclude that plaintiff is entitled to punitive damages under Minnesota law. The court therefore denies defendants' motion for judgment as a matter of law on plaintiff's claim for punitive damages.

**B. Defendants' Motion for Entry of Judgment**

In the alternative, defendants move for entry of judgment based upon the first verdict. As discussed, in the first verdict, the jury awarded plaintiff no compensatory damages but $163,400 in punitive damages. The court resubmitted the damages question to the jury with the instruction that it could not award punitive damages without a finding of actual or nominal damages and that nominal damages could be as little as $1.00. The court further instructed the jury that it could either insert an award of actual damages, even if just one dollar, or it could award no punitive damages. The jury returned a second verdict, awarding plaintiff $1.00 in nominal damages. Defendants claim that the court should not have resubmitted the case to the jury. Defendants' argument has no practical effect on the punitive damages award.

The violation of certain absolute rights may entitle a plaintiff to an award of nominal damages even without proof of actual damages. See, e.g., Hicks v. Brown Group, Inc., 902 F.2d 630, 652 (1990), rev'd on other grounds, 982 F.2d 295(1992); Hogue v. Clinton, 791 F.2d 1318, 1323 (8th Cir. 1986). The Eighth Circuit

has held that, under 42 U.S.C. § 1981, the "right to be free from discrimination is absolute and proof of its violation entitles the plaintiff to nominal damages." Hicks, 902 F.2d at 652; see also Hogue, 791 F.2d at 1323 ("Proof of a violation of his right to procedural due process will entitle [appellee] to at least nominal damages"); Dean v. Civiletti, 670 F.2d 99 (8th Cir. 1982)(finding that appellant is entitled to recover nominal damages of at least $1 where she prevailed on discrimination charge); Stepter v. Underhill, 687 F. Supp. 1186, 1187 (S.D. Ohio 1988)(finding violation of procedural due process rights entitles victim to nominal damages even if there are no actual damages). Courts generally apply the same standards under Section 1981 and Title VII. See Ross v. Kan. City Power & Light Co., 293 F.3d 1041, 1050 (8th Cir. 2002)("In analyzing a claim of hostile environment under section 1981, we apply the same standards as in a similar Title VII claim."). Thus, the jury's finding of sexual harassment in this case entitles plaintiff to at least nominal damages of $1.00 under Title VII even if a jury awards no compensatory damages.

Defendants' argument therefore has no practical effect on the punitive damages award because, even if the court had accepted the first verdict, the court would have awarded $1.00 in nominal damages. Additionally, in objecting to the court's resubmission of the damages question to the jury, defendants cite cases that are not binding upon the court. Moreover, those cases are

distinguishable on their facts and do not contradict the court's legal analysis in any way. See, e.g., Peden v. Suwannee County Sch. Bd., 837 F. Supp. 1188 (M.D. Fla. 1993). Therefore, the court denies defendants' motion for entry of judgment on the first verdict.

Defendants alternatively argue that even if the court accepts the second verdict, the court must enter judgment in favor of defendants because the jury made factual findings that preclude plaintiff's sexual harassment claim based upon the applicable statute of limitations. Defendants are correct. Based upon the jury's factual findings, and as discussed further in the court's analysis of plaintiff's motion for judgment as a matter of law on defendants' statute of limitations defense, plaintiff's sexual harassment claim is precluded. The court therefore grants defendants' motion for entry of judgment on plaintiff's sexual harassment claim.

**III. Plaintiff's Motion for Judgment as a Matter of Law on Defendants' Statute of Limitation Defense and Alternative Motion for a New Trial**

Plaintiff moves for judgment as a matter of law on defendants' statute of limitations defense or, alternatively, for a new trial. After carefully considering each of plaintiff's motions, the court denies both motions.

**A. Motion for Judgment as a Matter of Law**

Plaintiff moves for judgment as a matter of law on defendants' statute of limitations defense[2] on three primary grounds. Plaintiff contends that questions 4 and 6 on the verdict form are unreliable because the jury instructions set out a burden of proof that was incorrect with respect to the statute of limitations defense. Plaintiff also claims that the jury's answers to the statute of limitations questions posed on the verdict form are unreliable because the questions used the word "harassment" without explanation and the general instructions would have led the jury to apply an incorrect definition of harassment to answer the question. Plaintiff further argues that defendants produced insufficient evidence for a reasonable jury to conclude that no act that contributed to the hostile environment occurred during the statutory time period. The court considers each argument in turn.

**1. Burden of Proof**

Wilson filed her charge of discrimination on July 28, 1999. Thus, Wilson's Title VII sexual harassment claim is barred if no act of harassment occurred after October 2, 1998 (300 days prior to her charge) and her MHRA sexual harassment claim is barred if no

---

[2] Title VII requires that a plaintiff seeking to recover under the statute file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days "after the alleged unlawful employment practice occurred." Under the Minnesota Human Rights Act, the statute of limitations is one year. Minn. Stat. Sec. 363.06, Subd. 3.

act of harassment occurred after July 28, 1998 (one year prior to her charge).[3] Nat. RR. Passenger Corp. v. Morgan, 122 S. Ct. 2061 (2002). In answering the verdict form, the jury responded to the following questions by checking "no":

4. Did any act of harassment occur after October 2, 1998?

Yes _____ No _____

6. Did any act of harassment occur after July 28, 1998?

Yes _____ No _____

Plaintiff argues that questions 4 and 6 in the verdict form are unreliable because the jury instructions, together with questions 4 and 6, place the burden of proof on plaintiff when, plaintiff asserts, defendants have the burden of proving their statute of limitations defense. Plaintiff's argument is flawed.

---

[3] The Supreme Court's recent decision in Nat'l R.R. Passenger Corp. v. Morgan addressed what constitutes the timely filing of Title VII claims. 122 S. Ct. 2061 (2002); see also Jensen v. Henderson, 315 F.3d 854 (8th Cir. 2002). In Morgan, the Court explained the use of the continuing violation doctrine in hostile work environment cases: "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 2074. The Court further explained:

> Given, therefore, that the incidents comprising a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment.

Id. at 2075.

While plaintiff correctly argues that a party asserting the statute of limitations as an affirmative defense to a hostile work environment claim has the burden of proving that defense, plaintiff fails to recognize that "'[t]he party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it.'" Motley v. United States, 295 F.3d 820, 824 (8th Cir. 2002)(quoting Wollman v. Gross, 637 F.2d 544, 549 (8th Cir. 1980)). In Klein v. McGowan, the Eighth Circuit Court of Appeals recognized that the continuing violation doctrine is an exception to the statute of limitations defense in hostile work environment cases. 198 F.3d 705, 709 (8th Cir. 1999). The court explained:

> Conduct which occurred more than 300 days before the date of filing cannot be grounds for a suit unless it is part of a continuing violation which is systematic or serial. To avail himself of this exception, a plaintiff must demonstrate that some incident of harassment occurred within the 300 day limitations period.

Id. (citations omitted)(emphasis added). As Klein makes clear, plaintiff, not defendants, has the burden of proving an act of harassment occurred after October 2, 1998, and after July 28, 1998, because plaintiff has the burden of proving the continuing violation exception to the statute of limitations defense. Because

the jury questions properly assign the burden of proof, plaintiff's argument for judgment as a matter of law on that basis fails.[4]

**2. Use of the Word "Harassment"**

Plaintiff also argues that the jury's response to the statute of limitations questions on the verdict form should not bind the court because the court did not give the jury instructions on the meaning of the term "act of harassment" as that term was used on the verdict form or as that term is used by the Supreme Court in Morgan.

Plaintiff has waived her argument because she never objected to the court's proposed jury instruction on that ground. Fed. R. Civ. P. 51 provides, in relevant part:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.... No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection....

[4] The court also notes that plaintiff waived this objection because plaintiff did not object to the jury instructions or questions 4 and 6 on the grounds that they violate the burden of proof for the statute of limitations defense.

Because plaintiff never objected to the use of the term "act of harassment" in questions 4 and 6 of the verdict form, and never requested an instruction to define "act of harassment," plaintiff waived her objection pursuant to Fed. R. Civ. P. 51.

Alternatively, even if plaintiff did not waive that objection, which plaintiff did, plaintiff's argument fails because the jury instructions clearly defined "harassment." The court instructed the jury regarding the elements of plaintiff's federal and state harassment claims in jury instructions 21 and 22 respectively. Both instructions include a discussion of the types of acts that plaintiff must prove in order to support her claim. The court also instructed the jury in instruction 23 regarding the types of conduct that can support a hostile environment claim. Those instructions were based upon plaintiff's proposed instructions and the Eighth Circuit Model Instruction. The instructions clearly defined "harassment" and thus use of the term "act of harassment" in questions 4 and 6 of the verdict form.

Further, the court's the use of the term "act of harassment" in questions 4 and 6 is consistent with Morgan. Indeed, the Supreme Court in Morgan even uses the term "single act of harassment" in its discussion of hostile work environment claims. Id. at 2073.

Plaintiff nevertheless argues that the court's improper use of the term "act of harassment" allowed defense counsel to argue an

improper legal standard to the jury in closing argument. Plaintiff, however, never objected to defense counsel's closing argument. Moreover, the court finds no evidence that defense counsel argued an improper legal standard to the jury. The court therefore denies plaintiff's request for judgment as a matter of law based upon the court's use of the term "act of harassment" in questions 4 and 6 of the verdict form because the court concludes that the use of the term was proper.

**3. Sufficient Evidence to Support Jury's Finding**

Finally, plaintiff asserts that defendants failed to meet their burden of proof on the statute of limitations defense. Plaintiff points to the testimony of Fawn Wilson, Kathy Entrup, Chad Solheid and A'Lisa Paquet to support her claim that plaintiff presented unrebutted evidence of acts contributing to the hostile work environment that occurred within the actionable time period. Defendants, however, presented sufficient evidence for a reasonable jury to find that no act of harassment occurred after October 2, 1998 or July 28, 1998, including the impeachment testimony of Wilson and Paquet. Therefore, the court denies plaintiff's motion for judgment as a matter of law on defendants' statute of limitations defense.

**B. Motion for a New Trial**

Alternatively, plaintiff moves for a new trial for the reasons plaintiff asserted in its motion for judgment as a matter of law on

defendants' statute of limitations defense. For the same reasons the court denied plaintiff's motion for judgment as a matter of law – namely that plaintiff has waived her argument and that plaintiff's arguments lack merit – the court also denies plaintiff's motion for a new trial.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for judgment as a matter of law is denied.

2. Defendants' motion for entry of judgment in favor of defendants is granted.

3. Plaintiff's motion for judgment as a matter of law on defendants' statute of limitations defense [Docket No. 58] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 7, 2003

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.