# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

Nos. 03-1967/2120
00-2319 DSD/SRN

---

| | | |
|---|---|---|
| Fawn Wilson, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Brinker International, Inc., a Delaware Corporation; Chili's of Minnesota, Inc., a Minnesota Corporation, both doing business under the assumed name, Romano's Macaroni Grill, and Brinker International Payroll Corporation, | * | Appeals from the United States District Court for the District of Minnesota. |
| | * | |
| Appellees/Cross-Appellants. | * | |

---

Submitted: February 12, 2004
Filed: September 1, 2004

---

Before MELLOY, McMILLIAN, and COLLOTON, Circuit Judges.

---

MELLOY, Circuit Judge.

Fawn Wilson sued the defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and under the Minnesota Human Rights Act, Minn. Stat. chapter 363A. She alleged she was constructively discharged after having endured sexual harassment, gender discrimination, and retaliation. A jury returned a verdict for Wilson on her sexual harassment claim but against her on her other

SCANNED
NOV 10 2004
U.S. DISTRICT COURT MPLS

claims. The jury awarded nominal compensatory damages and imposed a punitive damages award against the defendants on her sexual harassment claim. However, in its rulings on the parties' post-trial motions, the district court[1] entered judgment in favor of the defendants because, by special verdict form, the jury found that Wilson's claim was untimely. For the reasons stated below, we affirm.

## I. FACTUAL BACKGROUND

Wilson claimed that the defendants, sometimes collectively referred to as Macaroni Grill, created a sexually hostile work environment in violation of state and federal law by failing to remedy and by tolerating the behavior of Wilson's co-worker, Derrick McAlister. McAlister and Wilson were both cooks at a Macaroni Grill restaurant and worked together from 1996 until mid-1998, for about two weeks in September of 1998, and, finally, for two weeks in February of 1999. During portions of this time, Wilson claims McAlister made lewd and degrading sexual comments to and about Wilson and other female employees, grabbed Wilson's buttocks, rubbed his erect penis against her, and crudely referred to female servers' and customers' bodies. Wilson presented evidence that she reported this offensive behavior to various Macaroni Grill managers. In addition, manager Chad Solheid witnessed several acts of McAlister's harassment but, according to Wilson, laughed or did nothing about it because, Wilson maintains, he feared McAlister would sue the company.

Wilson also alleged that other Macaroni Grill employees' behavior contributed to the hostile environment. For instance, manager Solheid kept Playboy magazines in his office. Wilson testified that, on one occasion, she informed him that she was offended by the magazines and that other female employees probably were similarly

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

offended. In response to her concerns, Wilson claimed that Solheid asked her whether she liked the cover model's breasts. He also asked Wilson once whether she was attracted to Cindy Crawford. And on yet another occasion, Wilson contends that McAlister and manager Russ Butler watched a pornographic video in the bar area of the restaurant after business hours while Wilson attempted to work at the computer.

After a jury trial, the jury returned a verdict for $0 compensatory damages and $163,400 punitive damages. Wilson had not requested a nominal damages instruction, but upon receiving the verdict, the trial judge instructed the jury that it must award some amount of compensatory damages if it wanted to award punitive damages. The jury reconvened and altered its verdict to include a $1 nominal damages award in addition to the punitive damages award.

In their answer to Wilson's complaint, the defendants asserted that Wilson's claim was time-barred because it was not filed within Title VII's 300-day filing requirement. Wilson repeatedly sought a ruling on this question, including in a motion for judgment as a matter of law made at the close of the defendants' case. The court denied that motion and ultimately decided to send the question to the jury. The jury was asked whether "any act of harassment" occurred during the statutory time periods, and the jury responded "no." Therefore, the district court entered judgment in favor of the defendants, having concluded that Wilson's sexual harassment claim was time-barred under both federal and state law.

On appeal, Wilson argues that there is uncontroverted and unimpeached evidence that an act contributing to a hostile work environment occurred within the limitations periods. Therefore, she argues that the district court erred in denying her motion for judgment as a matter of law on this issue. Moreover, she argues that the court improperly placed the burden on her to prove her compliance with the statute of limitations when, as an affirmative defense, the burden should have been placed on the defendants to prove that her lawsuit was time-barred. In addition, she

maintains that the instructions misstated the law when they asked whether "any act of harassment" occurred within the statutory time periods and not whether an act contributing to the hostile environment occurred within those time frames.

The defendants cross-appeal and argue that the district court erred in ruling that each defendant was liable as Wilson's "employer"; that the issue of punitive damages should not have gone to the jury; that even if the evidence was sufficient to support a jury question on punitive damages, the award should be remitted; and that the district court erred in admitting the testimony of a Macaroni Grill employee who suffered harassment at the hands of McAlister after Wilson resigned.

## II. DISCUSSION

### A. Denial of Motion for Judgment as a Matter of Law

Title VII requires that a plaintiff file a discrimination charge with the Equal Employment Opportunity Commission within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Under the Minnesota Human Rights Act, a plaintiff has one year to file a charge. Minn. Stat. § 363A.28(3). The Supreme Court has previously determined that the Title VII administrative charge period is functionally equivalent to a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Consequently, a claim is time-barred if it is not filed within these time limits. Wilson filed her EEOC charge on July 28, 1999. Therefore, the critical dates for purposes of the filing requirements are July 28, 1998 under state law and October 2, 1998 under federal law.

At the jury instruction conference and again at the close of the defendants' case, Wilson moved for judgment as a matter of law on the issue of timeliness. The district court denied her motions and decided to send the fact-related issues surrounding the statute of limitations defense to the jury. Jury Questions Nos. 4 and

6, respectively, asked, "Did any act of harassment occur after October 2, 1998?" and "Did any act of harassment occur after July 28, 1998?" Wilson did not object to the substance of the instructions but rather opposed their submission to the jury. The jury answered these questions in the negative, and on appeal Wilson reasserts her argument that no reasonable fact-finder could have concluded that no act contributing to her sexual harassment claim occurred within the relevant time frame.

Pursuant to Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1); see also Weisgram v. Marley Co., 528 U.S. 440, 447-48 (2000). In considering Wilson's appeal of the district court's denial of her Rule 50 motion, we review the district court's ruling de novo, viewing the evidence "'in the light most favorable to the party who prevailed before the jury.'" City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 651 (8th Cir. 1989) (quoting Pumps & Power Co. v. S. States Indus., 787 F.2d 1252, 1258 (8th Cir. 1986)). Moreover, "we review the district court's decision to grant or deny judgment as a matter of law with great deference to the jury's verdict." Fletcher v. Price Chopper Foods of Trumann, Inc., 220 F.3d 871, 875 (8th Cir. 2000). "This Court will not set aside a jury verdict 'unless there is a complete absence of probative facts to support the verdict.'" MacGregor v. Mallinckrodt, Inc., 373 F.3d 923, 927 (8th Cir. 2004) (quoting Browning v. President Riverboat Casino-Missouri, Inc., 139 F.3d 631, 634 (8th Cir. 1998)). Accordingly, we must:

> (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

Larson by Larson v. Miller, 76 F.3d 1446, 1452 (8th Cir. 1996) (en banc) (quoting Pumps & Power Co., 787 F.2d at 1258). And while we must refrain from making credibility assessments inconsistent with the jury's findings and must give credence to the evidence favoring the nonmovant, we must also consider "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Phillips v. Collings, 256 F.3d 843, 847 (8th Cir. 2001). Judgment as a matter of law is appropriate only when the record contains "'no proof beyond speculation to support the verdict.'" Id. (quoting Kinserlow v. CMI Corp., 217 F.3d 1021, 1026 (8th Cir. 2000)).

Wilson cannot meet the high standard necessary to warrant overturning the jury's verdict. Were we the fact-finder, we might not have found as the jury did regarding whether harassing conduct took place during the relevant time periods. However, contrary to Wilson's assertions, there is not uncontradicted and unimpeached evidence of such acts. The parties agree that Wilson and McAlister worked together for only four weeks during the statutory time frames (September 1998 and February 1999). Wilson testified that, while she worked with McAlister in September of 1998, she felt uncomfortable but that he did not engage in conduct she would consider to be harassing. The bulk of the evidence at trial went to his conduct that occurred prior to mid-1998. There was some testimony by Wilson that at least one incident of sexual harassment occurred in February 1999; however, that testimony was disputed by Macaroni Grill.

Macaroni Grill presented contradictory testimony that timely acts of harassment occurred and sought to impeach Wilson and her witnesses. We must "resolve direct factual conflicts in favor of [Macaroni Grill], . . . assume as true all facts supporting [Macaroni Grill] which the evidence tended to prove, . . . [and] give [Macaroni Grill] the benefit of all reasonable inferences." Larson, 76 F.3d at 1452 (citation omitted). The issue is whether, viewed in the light most favorable to Macaroni Grill, "'there is a complete absence of probative facts to support the

verdict.'" MacGregor, 373 F.3d at 927 (quoting Browning, 139 F.3d at 634). When the evidence is viewed through this deferential lens, we cannot say that no reasonable jury could have found as it did in this case.[2] Moreover, because Wilson is an interested party, her testimony alone does merit entry of judgment as a matter of law in her favor, because the jury was not required to accept it. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2527 (2d ed. 1995 & Supp. 2004) (collecting cases and observing that juries are not required to accept interested party's testimony as true, even if uncontradicted).

And while Macaroni Grill manager Kathy Entrup testified that she frequently heard sexual comments in the workplace, there is no indication that the comments were directed toward Wilson, nor that Wilson even heard the comments. Additionally, Manager Solheid confirmed the presence of sexually explicit magazines in the workplace. However, he did not confirm Wilson's accusations that he showed them to her. Under these circumstances, then, the jury was not compelled to conclude that such timely acts contributed to the hostile working environment of which Wilson complained, particularly when the focus of Wilson's case was on McAlister's conduct. See, e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 118 (2002) (explaining timely acts must be related to untimely acts in order to constitute a single unlawful employment practice).

### B. Denial of Motion for New Trial

Wilson also argues that the district court should have granted her motion for a new trial on two grounds. First, she argues that the district court improperly placed the burden of proof on her in its instructions to the jury concerning the statute of

---

[2]This is so even were we to accept Wilson's argument, discussed infra, that the jury should have been asked whether an act contributing to the hostile environment took place during the relevant time period, as opposed to whether any act of harassment occurred during this time period.

limitations-related questions. And second, she contends that the district court improperly framed the legal standard when it asked the jury whether "any act of harassment" occurred during the relevant time frame. We reject these arguments and find that Wilson failed to preserve them for appellate review by not objecting at trial.

We review jury instructions and the denial of a new trial for abuse of discretion. Campos v. City of Blue Springs, Mo., 289 F.3d 546, 551-52 (8th Cir. 2002). A jury instruction must, when "taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submit[] the issues in the case to the jury." Horstmyer v. Black & Decker, (U.S.), Inc., 151 F.3d 765, 771 (8th Cir. 1998) (quotations and citations omitted). Where a party fails to object to an instruction before the district court, we will review only for plain error. Id. at 770. "Plain error is a stringently limited standard of review, especially in the civil context . . . ." Id. at 771 (quotation and citation omitted). To constitute plain error, there must be an "error," which is a "[d]eviation from a legal rule," and that error must be "plain," which "is synonymous with 'clear' or, equivalently, 'obvious.'" United States v. Olano, 507 U.S. 725, 732-34 (1993). Moreover, "the party claiming plain error [must] demonstrate . . . that [the alleged error] likely altered the outcome[] and . . . that it was sufficiently fundamental to threaten the fairness or integrity or public reputation of the judicial proceeding." Gray v. Genlyte Group, Inc. 289 F.3d 128, 134 (1st Cir.), cert. denied, 537 U.S. 1001 (2002).

### *1. Burden of Proof Argument*

Wilson argues that the defendants bore the burden of proving the untimeliness of her sexual harassment claim. Wilson's sexual harassment claim was based on the continuing violations theory of a hostile work environment, which the Supreme Court addressed in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002). In Morgan, the Supreme Court held:

> The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

Id. at 117.

Wilson contends that Morgan makes clear that the continuing violations theory is not an exception to the statute of limitations, on which plaintiffs generally bear the burden of proof. Instead, she asserts that this theory defines when the unlawful employment practice accrues in the first instance. Therefore, according to Wilson, the defendants' argument that her claim is time-barred is no different than an ordinary affirmative defense, which defendants generally must prove. And because the district court instructed the jury that Wilson bore the burden of proof on every issue, she argues that a new trial is warranted.

Prior to the Supreme Court's decision in Morgan, we characterized the continuing violations doctrine as an equitable exception to Title VII's 300-day filing requirement. See, e.g., Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999) ("Conduct which occurred more than 300 days before the date of filing cannot be grounds for a suit unless it is part of a continuing violation which is systematic or serial. To avail himself of this exception, a plaintiff must demonstrate that some incident of harassment occurred within the 300 day limitations period . . . .") (internal citations omitted). Accordingly, the burden of proving its applicability fell squarely on the plaintiff seeking to invoke the exception. See id. No court of appeals has specifically addressed whether Morgan altered the landscape in this regard; however, at least one court of appeals has continued to characterize the continuing violations

doctrine as equitable in nature and has stated that the plaintiff must demonstrate that an act inside the limitations period occurred. See Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004) ("Under the continuing violations doctrine, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period, *if the plaintiff can show* a series of related acts, one or more of which falls within the limitations period.") (emphasis added); cf. Crowley v. L.L. Bean, Inc., 303 F.3d 387, 405 (1st Cir. 2002) ("The continuing violation doctrine, however, 'creates an equitable exception to the 300-day limitation when the unlawful behavior is deemed ongoing.'" (quoting Provencher v. CVS Pharmacy, 145 F.3d 5, 14 (1st Cir. 1998))). To the extent the issue remains unresolved after Morgan, the district court followed the existing precedent in this circuit. And even assuming the district court committed error by placing the burden of proving timeliness on Wilson, we cannot say that the district court committed plain error. See Federal Crop Ins. Corp. v. Hester, 765 F.2d 723, 727 (8th Cir. 1985) (declining to find clear error where there is no controlling precedent and where district court chose one of two prevailing standards of proof). Moreover, even assuming, without deciding, that the court gave faulty instructions on this issue, a new trial is not warranted because the evidence was sufficient to support the jury's finding. See Gray, 289 F.3d at 134 (explaining that party claiming plain error must show, *inter alia*, that alleged error "likely altered the outcome"). Consequently, we will not disturb the district court's denial of Wilson's motion for new trial.

### *2. "Any Act of Harassment" Argument*

Wilson's final argument on appeal is that the statute of limitations-related questions on the verdict form (and the trial judge's oral instructions) incorrectly framed the legal standard by suggesting that she was required to prove multiple acts of harassment during the limitations period. As noted earlier, the verdict form asked whether "any act of harassment" occurred during the respective time periods, and the

jury responded "no." Wilson did not object to this language at trial,[3] but on appeal contends that the questions put to the jury misstated the law and should have asked whether any act that contributed to the hostile environment occurred during the relevant time frames. Alternatively, she argues that the district court should have separately instructed the jury that "harassment" in the context of the statute of limitations questions need not have amounted to actionable harassment.

As noted earlier, Wilson did not preserve this argument for appeal; therefore, we review her instructional error argument for plain error. The Supreme Court in Morgan articulated the proper inquiry to determine when a hostile work environment "occurred" for purposes of Title VII's filing requirement. Morgan, 536 U.S. at 116. "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117. In framing the issue that was before the Court in Morgan, the Court observed that hostile work environment claims "cannot be said to occur on any particular day. [They] occur[] over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id. at 115. Review of the Supreme Court's decision in Morgan, thus, illustrates that the Court used "act of harassment" interchangeably with "an act contributing to the [hostile environment] claim." While a question asking whether an act contributing to the hostile environment occurred during the

---

[3]Wilson argues that she did not waive her objections to the verdict form. "Absent plain error, appellants must raise specific objections to the form or content of jury instructions, including special interrogatories, before the district court in order to preserve such matters for appeal." Horstmyer v. Black & Decker, (U.S.), Inc., 151 F.3d 765, 770 (8th Cir.1998). Wilson relies primarily on her objections to the court's proposed statute of limitations instruction at the charging conference. However, the district court did not adopt the language that Wilson objected to. Like the district court, we conclude that Wilson's failure to object to the substance of the special interrogatories—as opposed to their submission to the jury—constitutes waiver absent plain error.

statutory time period may have been preferable, we cannot conclude that the district court committed error by framing the statute of limitations-related questions as it did. Accordingly, having considered this issue and having examined the instructions as a whole, we reject Wilson's argument that the district court improperly framed the legal standard.

## III. CONCLUSION

Because we have affirmed the district court's entry of judgment in favor of the defendants and rejected the plaintiff's arguments for judgment as a matter of law and new trial, we need not address the defendants' remaining arguments on appeal.

Therefore, for the foregoing reasons, we affirm the judgment of the district court.

______________________________

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

November 8, 2004

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
202 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415

RECEIVED
BY U.S. MAIL
2004 NOV 10 AM 9:17
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

Re: 03-1967/2120 Fawn Wilson vs. Brinker Intl. Inc.

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans
Clerk of Court

dms
Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)

---

cc: Honorable David S. Doty
Leslie L. Lienemann
Celeste E. Culberth
Lisa C. Stratton
Scott S. Payzant
David Jordan-Huffman

District Court/Agency Case Number(s): CIV 00-2319 DSD/SRN